NORTON NAVAL CONSTRUCTION AND SHIP BUILDING COMPANY OF NEW YORK AND NEW JERSEY v. THE STATE BOARD OF ASSESSORS.

"A manufacturing company carrying on business in this state," to be exempted from taxation by act of 1884, must actually locate and begin work under its charter within the state.

---

On *certiorari.*

Argued at February Term, 1891, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutors, *Craig A. Marsh.*

For the defendants, *John P. Stockton, Attorney General,* and *William Y. Johnson.*

The opinion of the court was delivered by

SCUDDER, J.   The plaintiff corporation was assessed in 1887, 1888 and 1889, respectively, under the general clause of section 4 of the act of April 18th, 1884 (*Rev. Sup., p.* 1016), a yearly license fee or tax of one-tenth of one per centum on the amount of the capital stock.

The tax was fixed for the first year, 1887, from the amount of the authorized capital stock of the company, shown by the certificate of organization to be $250,000, at $250. No return was made, and the tax was rated by the state board of assessors.

Returns were made in 1888 and 1889, and from these returns of capital stock issued the taxes were assessed at $634.10 and $646.67, on an increased amount of capital stock authorized by law.

An exemption from this taxation is claimed under the proviso of section 4 of the act of 1884, which excepts from its operation "manufacturing companies or mining companies carrying on business in this state." To determine whether the company is within the exception, reference must be had to its actual business, for the business in which the capital of a corporation is invested, and not the objects for which the company was formed, as expressed in its certificate of incorporation, must be regarded. *Evening Journal Association* v. *State Board of Assessors*, 18 *Vroom* 36 ; *Press Printing Co.* v. *State Board of Assessors*, 22 *Id.* 75. According to the testimony, the business of the company, for which it was incorporated and in which it is actually engaged, is boat, yacht and ship building, of a peculiar construction, with a double bottom to prevent sinking by collision, and made under letters patent. It is, therefore, clearly a manufacturing company.

But it is further required that it shall be carrying on business in this state. The company was chartered in the summer of 1886. It commenced immediately by organizing and securing a sufficient number of shareholders, and by looking for a place for its location and buildings. In the spring of 1888 the company employed one Desmond, who rented a lot of land and building of the Hoboken Land Improvement Company, at Castle Point, to build vessels for them, and in the same spring, 1888, hired a property at Tottenville, on Staten Island, where they altered vessels. Certain work was also done in Perth Amboy. Francis L. Norton, the president and general manager of the company, in answer to the question whether, when they went to Hoboken or Tottenville, it was to locate there permanently or otherwise, said " the sole idea was to have a place to do certain work until we found a place in New Jersey," and further said " that they were looking

along the Jersey City, the Hoboken and the Perth Amboy front."

By lease, dated July 25th, 1889, the company rented a building and lot of land in Perth Amboy, for the term of five years from the 1st day of August then next, with the privilege of purchase, and have actually occupied and used it as a place for manufacturing boats since that time.

Under this evidence the corporation was not a manufacturing company carrying on business in this state, until it had actually located its business and begun its work within the state, at Perth Amboy, and this time is fixed by the date of the lease, when the occupation of the premises and the business under the charter was begun in New Jersey. All that had preceded was temporary, preparatory, and, in part, out of the state. There was no plant owned or controlled by the company for the purpose of manufacturing within the state.

The tax for the year 1889 should be remitted, but the taxes for 1887 and 1888 will be affirmed.