## THE STATE, THE EDISON PHONOGRAPH COMPANY, PROSE-CUTOR, v. THE STATE BOARD OF ASSESSORS.

1. A manufacturing company, to bring itself within the proviso of section 4 of the act of April 18th, 1884 (*Rev. Sup., p.* 1017), must be actually engaged in the business of manufacturing in this state.
2. A manufacturing company wishing to withdraw from active business must, to escape taxation, take proceedings under the thirty-fourth section of the Corporation act to dissolve and surrender its charter and wind up its affairs.

On *certiorari* in matter of tax.

Argued at June Term, 1892, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the plaintiff, *Richard Wayne Parker*

For the defendant, *William Y. Johnson.*

The opinion of the court was delivered by

VAN SYCKEL, J. The prosecutor claims exemption from liability to pay a yearly tax of one-tenth of one per centum on the amount of its capital stock, in virtue of the proviso contained in section 4 of the act of April 18th, 1884 (*Rev. Sup.*, *p.* 1017), which reads as follows:

"Provided, that this act shall not apply to railroad, canal or banking corporations or to savings banks, cemeteries or religious corporations, or purely charitable or educational associations, or manufacturing companies or mining companies carrying on business in this state."

The Edison Phonograph Company was organized and commenced the business of manufacturing phonographs in Bloomfield, in this state, in the year 1887. It continued to carry on this business for about two years, and thereby admittedly placed itself in the exempted class of corporations.

About three years ago the stock and assets of the Edison company were sold to the North American Phonograph Company for about $500,000.

About $70,000 of the purchase price remained unpaid, and for that sum the North American company gave a note to the Edison company, and delivered the stock of the Edison company in pledge for the payment of said note. Since the said sale, no business whatever in the way of manufacturing has been carried on by the Edison company.

The state claims the right to lay the tax because the plaintiff company is not engaged in the active business of manufacturing.

The proviso under which exemption is claimed has been recently construed by this court in the case of the *Construction Co.* v. *Board of Assessors*, reported in 24 *Vroom* 564. That company was organized in the summer of 1886, but did not own a plant and actually engage in its proposed business until

July, 1889.　This court held that a manufacturing company, to entitle itself to immunity under the proviso of the act of 1884, must be actually engaged in business in this state, and, therefore, the assessment for the years 1887 and 1888 was upheld.

It would be too narrow a reading of the statute to say that a temporary suspension of business, on account of some exigency, would deprive the corporate body of the protection of this proviso, but when a company withdraws from business with the intention of abandoning it, it cannot, under the interpretation which has been put upon this statute in the case cited, be termed a manufacturing company carrying on business in this state.

Relief from the imposition of this tax was extended to manufacturing companies carrying on business in this state, in order to encourage the business of manufacturing in the state.　If a company may retain valuable franchises free from this burden without engaging in business, the object of the proviso would be frustrated.　A corporation wishing to withdraw from active business must, to escape taxation, take proceedings under the thirty-fourth section of the Corporation act to dissolve and surrender its charter and wind up its affairs, but if it elects to continue its existence and retain its franchises, it must be subject to the tax which has been levied in this case.　In case of failure to pay such tax the statute provides that proceedings may be instituted by the attorney general to enjoin the company from exercising its franchises until such tax is paid.

In my opinion, therefore, the assessment certified should be affirmed.