In the matter of the taxation of the ELECTRO-PNEUMATIC TRANSIT COMPANY.

In the matter of the taxation of the BOOKWALTER STEEL AND IRON COMPANY.

Under the act of the legislature imposing taxes upon certain corporations, and providing for the collection thereof, the only power given to or duty imposed upon the court of chancery is to issue an injunction when the attorney-general presents a proper case. *In the Matter of the Taxation of Faure Electric Light and Force Co., 16 Stew. Eq. 411*, and *In the Matter of the Taxation of the New York File and Sharpening Co , 16 Stew. Eq. 413*, overruled.

*Mr. William Y. Johnson*, for the petitioner.

*Mr. Horatio N. Barton*, for the respondents.

BIRD, V. C.

The petitions in these cases were filed by the attorney-general, showing that the respondents had been assessed under the act of the legislature entitled "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof" (*Rev. Sup. p. 1017*), approved April 18th, 1884, their refusal to pay and praying for an injunction enjoining them from

the exercise of any franchise of said corporation or the transaction of any business until the said corporation shall have paid said tax and interest due thereon.

All the allegations in these petitions are admitted by the respondents severally, but each claims in effect that it has been unable, practically, to do or carry on any business within the intent or purpose for which it was incorporated. Because of this fact it is insisted that an injunction should not be issued, and for this purpose rely upon the cases heretofore decided by me. *In the Matter of the Taxation of Faure Electric Light and Force Co., 16 Stew. Eq. 411*, and *In the Matter of the Taxation of the New York File and Sharpening Co., 16 Stew. Eq. 413*. These cases support the contention of the respondents, but, on behalf of the state, it is insisted that a very recent decision of the supreme court—*The State, The Edison Phonograph Co.* v. *State Board of Assessors, 26 Vr. 55*—is directly in conflict with them. I think the merits of that decision are closely and fully stated in the head-notes as follows:

"A manufacturing company, to bring itself within the proviso of section 4 of the act of April 18th, 1884 (*Rev. Sup. p. 1017*), must be actually engaged in the business of manufacturing in this state. A manufacturing company, wishing to withdraw from active business, must, to escape taxation, take proceedings under the thirty-fourth section of the Corporation act to dissolve and surrender its charter and wind up its affairs."

Although, in this opinion, no reference is made to the cases above stated, I cannot but regard it as effectually overruling them. The subject-matter being the proper construction of a statute respecting the imposition of taxes, over which the legal tribunals have complete jurisdiction, except so far as the legislature may otherwise provide, their determination must be final as to all parties concerned. The fourth section of the act referred to, after fixing the liabilities of certain corporations, declares that "all other corporations incorporated under the laws of this state, and not hereinbefore provided for, shall pay a yearly license fee or tax of one-tenth of one per centum on the amount of the capital stock of such corporations; provided, that this act shall

not apply to railways   *   *   *   or manufacturing companies or mining companies carrying on business in this state." Under this statute every manufacturing corporation is liable to pay a tax of one-tenth of one per cent. upon its capital stock for the license privilege or right which the state grants to it, unless it carries on the business of manufacturing in this State. If it does not pay the taxes imposed within the time specified the attorney-general may ask this court to issue an injunction restraining it from doing any business under its charter. I think, therefore, it is proper to say that whenever it appears that a corporation exists under the provisions of the act above quoted, which does not come within the exceptions therein named, and an assessment has been made against it which it does not pay, it is subject to be enjoined by the decree of this court from the transaction of any business. As long as such a corporation enjoys the license or privilege extended to it by the statute under which it is incorporated, it should respond to the taxes imposed under the act now under consideration, unless it can show that it is within the exception. The respondents are manufacturing corporations; each one has been assessed; neither has been engaged in doing business in this state. Consequently, the assessments not having been paid, a "proper case" has been made out for the interference of this court by its injunction. In other words, the only power given to or duty imposed upon the court of chancery by the act of the legislature is to issue its prohibitory writ.