## 20306

CUMMINS ENGINE COMPANY, INC., Respondent-Appellant, v. William O. THOMAS, Jr., Treasurer for Charleston County, Appellant-Respondent.

(230 S. E. (2d) 217)

Messrs. *Thomas G. Buist* and *Rutherford P. C. Smith,* of
*Furman, Jenkins & Buist,* North Charleston, *for Appellant-
Respondent,*

*Messrs. Huger Sinkler and Charles F. Ailstock,* of *Sinkler Gibbs Simons & Guerard,* Charleston, *for Respondent-Appellant,*

November 10, 1976.

LITTLEJOHN, Justice.

This action was brought by Cummins Engine Company, Inc. (Cummins) for the recovery of property taxes paid un-

der protest to the Treasurer of Charleston County (Treasurer) with respect to Cummins' diesel engine assembly plant.

In its complaint, Cummins alleged it was entitled to recover at least some part of its tax payment on two alternative grounds. The facts on which Cummins based its claim are as follows:

In 1967 Avco Corporation, whose major business at the time was the reconditioning of military helicopter engines, purchased land and constructed manufacturing facilities in Charleston County. Avco immediately applied for and was granted a fifteen-year tax exemption from certain local property taxes pursuant to § 65-1542, Code of Laws of South Carolina (1962). In 1969, Avco expanded its operation and the additional construction qualified for a twenty-year exemption pursuant to § 65-1543.

Avco ceased production at their Charleston County factory in 1971, removing substantially all manufacturing machinery and personnel. In January of 1973, Cummins purchased the Avco land and building in order to construct and assemble diesel engines. During 1973, Cummins spent almost $2 million in setting up its manufacturing operations, with the first engine being produced in December 1973. To date, Cummins has expended an additional $15 million and, by 1979, contemplates making improvements totaling approximately $52 million.

In the lower court, Cummins asserted that:

(1) it was entitled to the exemptions granted Avco in 1967 and 1969 pursuant to §§ 65-1542 and 65-1543 by virtue of the conveyance of the plant by Avco to Cummins, or in the alternative,

(2) it was entitled to a tax exemption pursuant to Act 829 of 1970 (amending § 65-1542) which provides in part:

"Section 65-1542. Exemption from County Taxes (but not from school taxes or public service district taxes) is

granted to manufacturing plants *constructed* in Charleston County as follows:

"(2) If the actual cost of the construction of such manufacturing plant, exclusive of the cost of the land, is more than $3 million, the exemption shall be for a period of five years from the date of the commencement of such construction." (Emphasis added.)

The lower court found that manufacturing at the Avco facility had been completely abandoned in 1971 and that the abandonment terminated the exemptions granted Avco in 1967 and 1969. However, the court further found that Cummins had "constructed" a manufacturing plant as required by § 65-1542, *as amended,* and was entitled to a five-year exemption.

Cummins now appeals the lower court's decision denying it Avco's original exemptions. The Treasurer appeals the court's decision granting Cummins the limited five-year exemption.

We find the trial judge was correct in his determination of the issues before him and accordingly affirm.

The cessation of production by Avco and the removal of its equipment and personnel in 1971 constituted the abandonment of its manufacturing plant. As evidenced by the fact that immediately upon ceasing its operations Avco sought to sell its building, this was not merely a temporary interruption accompanied by an intent to eventually resume production. While it is true that a temporary interruption in production may not necessarily terminate a tax exemption, the cases in support of this proposition involve the resumption of production by the same manufacturer or, in the least, the production of the same product produced by the same process and/or equipment. *Waterbury v. Atlas Cordage Co.,* 42 La. Ann. 723, 7 So. 783 (1890); *Bradford v. Mote,* 2 Marv. (Del.) 159, 42 A. 445 (1895). This is not the situation in the present case. The tolerance of ex-

emption statutes with respect to temporary interruptions cannot be extended to include the end of production by one company and the beginning of production by another company that manufactures a completely different product.

The abandonment of the manufacturing plant by Avco therefore terminated the exemptions granted in 1967 and 1969. 84 C. J. S. *Taxation* § 273, p. 519; *State v. State Board of Assessors,* 55 N. J. L. 55, 25 A. 329 (1892). Thus, the Avco exemptions are not now available to Cummins.

In his appeal from the lower court's award of a five-year exemption for Cummins, the Treasurer argues that Act 829 of 1970 requires construction of an all new manufacturing facility from "ground zero." We do not agree. This argument fails to take into consideration that a manufacturing plant consists of more than the building in which it is housed. All property necessary for the operation of the business enterprise constitutes the plant and such therefore includes more than the preexisting buildings. Cummins purchased an empty building, not a manufacturing plant. It was not until equipment was installed and assembly lines set up that a manufacturing plant was constructed. Cummins should not be denied the exemption because it made good use of a vacated building rather than construct a new one.

The practical effect of requiring construction from "ground zero" in order to receive an exemption would tend to keep vacant factory buildings unutilized even though easily adaptable to the needs of other manufacturers. In light of the overall purpose of tax exemption statutes—increased employment opportunity through industrial growth—it is obvious to us that the legislature never intended such a strict interpretation of § 65-1542.

The judgment of the lower court is affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.